PEDRO GANDÍA, peticionario, *v.* LA CORTE DE DISTRITO DE SAN JUAN, DISTRITO PRIMERO, HON. CHARLES E. FOOTE, Juez, demandado.

No. 483.—*Visto:* Abril 27, 1925. *Resuelto:* Mayo 22, 1925.

EMBARGO—PRÁCTICA DE EMBARGO, GRAVAMEN (*Lien*), CUSTODIA Y DISPOSICIÓN DE LOS BIENES—DERECHO DEL DEMANDADO A OBTENER SU DEPÓSITO MEDIANTE FIANZA.—La disposición del artículo 10 de la ley sobre efectividad de sentencias (Comp. 1911, Sec. 5242), en cuanto a fianza del demandado, sólo tiene aplicación cuando los bienes muebles se embargan en la posesión del demandado, pero no cuando se embargan en la posesión de terceras personas.

CERTIORARI para revisar ORDEN de *Charles E. Foote,* J. (Primer Distrito, San Juan), declarando sin lugar moción sobre entrega de bienes embargados mediante fianza. *Anulado el auto.*

*Juan B. Soto,* abogado del peticionario; *Cayetano Coll y Cuchí,* a nombre de la parte contraria John D. Stubbe.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

En un pleito de *Johann D. Stubbe* contra *Pedro Gandía*

se ordenó el embargo de bienes del demandado para asegurar la efectividad de la sentencia que en él pueda dictarse a favor del demandante y el márshal embargó en poder del American Colonial Bank 60 acciones de la Porto Rico Fertilizer Co. como de la propiedad de Gandía y $7,800 en poder de la Porto Rico Fertilizer Co. como dividendos de dichas acciones, habiendo depositado el márshal las expresadas acciones en el American Colonial Bank y quedando el dinero en poder del tribunal.

Después del embargo don Pedro Gandía acudió a la corte de distrito solicitando que los bienes embargados sean depositados en su poder con cuyo objeto acompañó una fianza por $15,000 para responder al demandante del valor de esos bienes, petición que fué negada por la corte y entonces a instancia de Gandía libramos el auto de *certiorari* que motiva esta opinión.

Las partes aceptaron al discutir este auto que la propiedad de las 60 acciones y de los dividendos ha sido reconocida a favor de Gandía en sentencia dictada por nosotros en un pleito de Gandía contra Porto Rico Fertilizer Co. que ha sido apelada para ante la Corte de Circuito de Boston, y el demandado dice que las acciones están en depósito en el banco (*escrow*).

Dispone el artículo 10 de la ley sobre efectividad de sentencias (Comp. 5242) que el embargo de bienes muebles se practicará depositándolos en poder del tribunal o de la persona designada por éste, bajo la responsabilidad del demandante, y que si el demandado diera fianza bastante a discreción del tribunal para responder del valor de dichos bienes se depositarán en su poder; precepto que entendemos no es aplicable a este caso en que los bienes fueron embargados en poder de tercera persona, pues si se aplicara se cambiaría la posesión de los bienes que por algún motivo tenía esa tercera persona y se daría al demandado que no la disfrutaba por alguna razón. Creemos que esa disposición sólo es aplicable cuando los bienes muebles se embargan

en la posesión del demandado ·pero no cuando están en la de terceras personas, pues de lo contrario podría darse el caso de que un demandado pudiera por ese procedimiento obtener la posesión de bienes y sacarlos de la persona a quien pudieran estar dados en prenda o en depósito, con una fianza que sólo garantizaría el valor de ellos al· demandante, persona distinta de la que tiene la posesión, y no opinamos que ese fuera el propósito del legislador.

*Por la razón indicada el auto de certiorari debe ser anulado.*

El Juez Asociado Señor Franco Soto se abstuvo de votar.