Bernarda Rodríguez, peticionaria, v. La Corte de Distrito de San Juan, Hon. Angel R. de Jesús, Juez, demandada.

No. 777.—*Sometido:* Enero 18, 1932. *Resuelto:* Febrero 17, 1932.

*A. Marín Marién,* abogado de la peticionaria; *R. Muñoz Ramos,* abogado del demandado en el pleito principal.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Este es un recurso de *certiorari* en que la corte inferior ha elevado los autos. La parte realmente interesada, el demandado, argumentó su caso, mas no radicó un alegato o memorándum. En 28 de julio de 1931, anulamos una orden de la corte de distrito (42 D.P.R. 766). La parte demandada radicó una moción de reconsideración que fué concedida.

El demandante en la corte inferior obtuvo, en 23 de abril de 1931, sentencia por la suma de $1,030. Después de dictarse sentencia, se embargó, entre otras propiedades, un depósito de $351.48 a favor del demandado en un banco local. El demandado compareció, ofreció una fianza de $700 y solicitó que el dinero que entonces estaba en poder del márshal le fuese devuelto. La corte así lo ordenó en 8 de junio de 1931. Esta fué la resolución anulada mediante nuestra resolución y opinión de julio 28, 1931.

El caso giró sobre nuestra anterior opinión de *Gandía* v. *Corte de Distrito,* 34 D.P.R. 274. En dicho caso resolvimos que solamente bienes en la posesión original del demandado podían serle devueltos mediante fianza. Nos parecía mientras considerábamos este recurso, que la corte inferior y el demandado sostenían que la posesión del banco era la posesión del demandado. Lo que la corte sí dijo fué que la posesión del banco equivalía a la posesión del demandado, desde luego para los fines de la sección 10 de la Ley para Asegurar la Efectividad de Sentencias, sección 5242 de los Estatutos Revisados.

Esa sección lee como sigue:

"La prohibición de enajenar bienes muebles y el embargo de los mismos se practicarán depositando los bienes de que se trate en poder del tribunal o de la persona designada por éste, bajo la responsabilidad del demandante. Si el demandado diere fianza bastante a discreción del tribunal para responder del valor de dichos bienes, se depositarán en su poder, con la prevención y responsabilidades de la sección anterior. El dueño de bienes muebles embargados puede solicitar su enajenación en pública subasta con citación del demandante, a condición de que se consigne en la corte el precio de la venta."

De acuerdo con la misma hemos llegado al convencimiento de que bienes embargados sobre los cuales el demandado tiene una reclamación y más especialmente dinero sacado de un banco y puesto en poder de un márshal, puede ser depositado en manos de un deudor mediante la correspondiente fianza. La ley no habla de "posesión" sino que generalmente permite el depósito de bienes embargados en poder de un demandado. Nada de lo que dijimos en el caso de Gandía o en nuestra opinión anterior de 28 de julio de 1931 puede prevalecer contra las consideraciones de la presente opinión.

Naturalmente, un agente puede retener sus costas y honorarios cuando se embargan bienes, especialmente dinero, en su poder. Tales honorarios y cargos no son afectados y pueden ser cubiertos por la fianza.

Nuestra opinión anterior no giró en realidad sobre la cuestión de si la sentencia era o no firme, y por consiguiente el hecho de que la apelación fuera desestimada es más bien una cuestión para la corte inferior. El mandato ha sido devuelto. El caso permanece tal cual si el mandato no se hubiese librado y no hallamos ahora razón alguna para anular la resolución de la corte de distrito.

Tampoco puede afectar esta decisión el hecho de que el márshal depositara el dinero en el Banco Comercial y que no pueda obtener dominio inmediato del mismo.

*Debe anularse el auto expedido y subsistir la resolución de la corte de distrito de 8 de junio de 1931.*